UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD WALKER, JR.

    Plaintiff,

        v.

ATTORNEY TIM NOLAN., et al.,

    Defendants

Case No. 1:24-cv-180

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On April 2, 2024, Plaintiff Donald Walker, Jr., proceeding pro se, paid the requisite filing fee and filed suit against three attorneys and U.S. Bank National Association ("U.S. Bank"). Pursuant to local practice, the case has been referred to the undersigned. Currently pending is U.S. Bank's motion to dismiss. In addition, the undersigned considers Plaintiff's failure to timely serve Defendant Austin Decker, and failure to respond to the Court's "show cause" order regarding that insufficient service under Rule 4(m), Fed. R. Civ. P. (Doc. 18).

For the reasons that follow, Plaintiff's complaint should be DISMISSED in its entirety for lack of subject matter jurisdiction. Alternatively, this case should be dismissed under Rule 12(b)(6) for failure to state any viable claim, with claims against Defendant Decker to be dismissed based on a failure of service.

### I.    Background

It is readily apparent that Plaintiff's federal complaint closely relates to a state court foreclosure proceeding concerning 4602 Ward Street. That is the address of a home in which Plaintiff's parents resided prior to their respective deaths, and where Plaintiff currently resides. *See U.S. Bank N.A. v. Unknown Administrator, et al.*, Hamilton County

1

Court of Common Pleas Case No. A 2203982. To provide context for this Court's review of Plaintiff's federal complaint, the undersigned first summarizes that closely related state court proceeding, of which this Court may take judicial notice.

**The State Court Proceeding**

The foreclosure action, Hamilton County Court of Common Pleas Case No. A 2203982, was filed by U.S. Bank on November 2, 2022, with service initially made on the "Unknown Occupant/Tenant" of the residential property.[1] On November 9, 2022, Donald Walker Jr. filed a pro se answer. On January 20, 2023, the state court substituted Donald Walker, Jr. (Plaintiff herein) in place of the "Unknown Occupant/Tenant."[2] On October 2, 2023, a magistrate entered a decision in favor of U.S. Bank. On November 1, 2023, Hamilton County Court of Common Pleas Judge Jody Luebbers adopted the magistrate's decision and granted judgment to U.S. Bank; an Order of Sale was entered on November 21, 2023.

Shortly thereafter, Attorney H. Leon Hewitt briefly appeared to represent the interests of Donald Walker, Jr. On November 30, 2023, Attorney Hewitt filed a motion to stay the foreclosure sale, explaining that Donald Walker Jr. had opened one or more probate cases in order to assist him in procuring financing to purchase his parents' home, and that his client planned to submit a loss of mitigation packet to U.S. Bank in the near future. However, U.S. Bank opposed the motion to stay the foreclosure action as untimely, overly speculative, and premature to the extent that no completed information or mitigation packet had yet been received by the Bank.

---

[1] All of the referenced state court documents are publicly available and accessible on the Hamilton County Clerk of Court website.
[2] The state court record reflects additional service on "Jane Doe," identified as Plaintiff's spouse.

On April 9, 2024, Attorney Hewitt moved to withdraw from representing Donald Walker, Jr. based on the fact that his client had filed the above-captioned federal complaint, resulting in an immediate conflict of interest and breach of the trust and confidence required for continued legal representation.

The state court record does not reflect disposition of either Attorney Hewitt's motion to withdraw, or the November 30, 2023 motion to stay that he had filed on Plaintiff's behalf. But on April 11, 2024, U.S. Bank moved for an Order vacating the Judgment Entry and Decree of Foreclosure previously entered by the state court, citing U.S. Bank's receipt of "reinstatement funds for the subject loan." In other words, the Bank's April 11 filing suggests that the previously foreclosed loan was either modified or repaid. On May 21, 2024, the state court granted the Bank's motion to vacate the judgment and to dismiss the foreclosure case in its entirety. *Id.* No party filed any type of objection or appeal.

**Plaintiff's Federal Complaint**

Plaintiff filed the above-captioned pro se federal complaint on April 2, 2024, at a time when the foreclosure case was still pending and the foreclosure sale was still scheduled for April 9, 2024. Plaintiff's federal complaint consists of 19 pages of disjointed and difficult-to-follow allegations spread out over two different complaint forms,[3] and is accompanied by a handful of exhibits. Notwithstanding their length, the two complaint forms offer little by way of explanation for the basis for Plaintiff's claims, jurisdictional or otherwise, other than through references to the state court foreclosure proceeding.

---

[3]The first four pages of the complaint are hand-written on a generic complaint form used by pro se litigants. However, starting on page 5, Plaintiff has typed out a longer version of his complaint on a form that states that suit is being filed under 42 U.S.C. § 1983, with federal jurisdiction falling under 28 U.S.C. § 1331. (Doc. 1, PageID 5).

3

As Defendants, Plaintiff names U.S. Bank and its attorney, Austin Decker in connection with their actions in the state court foreclosure proceeding. Plaintiff also names the attorney who previously represented him in that proceeding, Leon Hewitt. The last named defendant is Tim Nolan, who is also an attorney.

Plaintiff generally alleges that Defendant U.S. Bank committed a "breach of confidentiality," and deliberately caused delays that negatively impacted the status of the residential loan and/or the foreclosure action, by failing to timely respond to Plaintiff's requests for information. (Doc. 1, PageID 3). Under the "Relief" section of his first complaint form, Plaintiff further alleges that the breach of the loan (a presumed reference to the foreclosure action) was improperly disclosed to two individuals: (1) "Bob Mendlein" who "has a friend who was the manager of the Bank" and (2) "Sheila Walker" who "received a call from the Bank" concerning the planned sale of the residence at a foreclosure auction.[4] (*Id.*, PageID 4).

Plaintiff's claim against Defendant Attorney Austin Decker, who represented U.S. Bank in the state foreclosure action, appears to be derivative of whatever claim he is attempting to assert against U.S. Bank. Notably, however, Plaintiff has not completed service on Defendant Decker. He also failed to file any timely response to the Court's Order directing him to "show cause" for that lack of service. (*See* Doc. 18).

Plaintiff's allegations against his own attorney, Defendant Hewitt, are vague,[5] but he chiefly complains that Mr. Hewitt "stated that he do not recall my primary concern of dealing with the breech [sic] I had repeat[ed] the nature of the problem 3 times." (Doc. 1,

---

[4] In his response in opposition to dismissal, Plaintiff identifies Ms. Walker as his sister and Mr. Mendlein as a business associate. (Doc. 17, PageID 70).
[5] Attorney Hewitt apparently represented Plaintiff in a separate state court probate proceeding concerning Plaintiff's deceased mother. (*See* Hewitt Answer, Doc. 11, ¶4, PageID 49).

4

PageID 3) Last, Plaintiff generally alleges that Defendant Nolan agreed to represent him in his mother's probate proceeding in exchange for manual labor that Plaintiff performed at an apartment building in which Defendant Nolan holds some interest. Plaintiff complains that after he completed the work, Mr. Nolan failed to represent Plaintiff in the probate action.[6] As a result, Plaintiff alleges he had to hire a new attorney, Defendant Hewitt. (*See* Doc. 1, PageID 6; *see also*, *generally*, Doc. 18, PageID 69-70).

In addition to monetary damages against all four Defendants, the undersigned construes the complaint as seeking preliminary injunctive relief to stop the state court foreclosure sale then scheduled for April 9, 2024. (Doc. 1, PageID 4). As previously stated, U.S. Bank moved on April 11, 2024 for an Order vacating the state court's Judgment Entry and Decree of Foreclosure. The state court granted that unopposed motion and dismissed the foreclosure case on May 21, 2024.

On May 16, 2024, U.S. Bank moved to dismiss the instant lawsuit for failure to state a claim under Rule 12(b)(6). On July 11, 2024, Plaintiff filed a response in opposition to the motion.

## II. Analysis

### A. The Lack of Federal Jurisdiction

"Subject matter jurisdiction is always a threshold determination." *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir.2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003 (1998). This threshold issue may be raised by the Court *sua sponte*. In addition, pursuant to *Apple v. Glenn,* 185 F.3d 477 (6th Cir.1999), a district court has authority to dismiss a non-prisoner

---

[6]Attached to Plaintiff's response in opposition to U.S. Bank's motion are pictures of what Plaintiff represents to be the work he allegedly performed for Mr. Nolan in November 2022 and February 2023.

5

pro se complaint for lack of jurisdiction "at any time" in cases when the Court's review reveals the allegations of a complaint to be "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Id.* at 479.

Although no basis for subject matter jurisdiction is identified by Plaintiff in the first complaint form (Doc. 1, PageID 2), his appended second complaint form suggests that suit is being filed under 42 U.S.C. § 1983, with federal question jurisdiction falling under 28 U.S.C. § 1331. (Doc. 1, PageID 5). In his second complaint form, Plaintiff includes this phrase: "The privacy act to have and hold without any outside interference." (Doc. 1, PageID 5). Construed liberally, Plaintiff's complaint also refers to a breach of confidentiality, which the undersigned construes as a breach of contract.

District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But "[m]erely referring to a federal statute ... does not establish federal jurisdiction." *Riser v. Pollitt*, 43 Fed. Appx. 912, 913 (6th Cir. 2002) (internal citation omitted). In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiff's cursory references to 42 U.S.C. §1983 and/or to the Privacy Act are insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

With respect to the civil rights statute, 42 U.S.C. § 1983, Plaintiff includes no allegations that any of the Defendants violated any of his constitutional rights. Additionally, none of the four Defendants appear to be state actors, and Plaintiff does not allege that any Defendant acted under color of state law. Similarly, Plaintiff's cursory

6

reference to the "Privacy Act" without more is insufficient to establish jurisdiction. *See generally, Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) ("The fact that the Privacy Act contains a section that defines the term 'agency' as including only those agencies that fall under control the federal government, coupled with a legislative history that supports such a reading of its scope, forces us to conclude that ... the Privacy Act applies exclusively to federal agencies.").

In the absence of federal question jurisdiction, Plaintiff is presumed to rely on diversity jurisdiction. But in order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); see also *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). Here, Plaintiff identifies himself as a resident of Ohio, and lists Ohio addresses for Defendants Nolan and Hewitt. Although he does list a Kentucky address for Defendant U.S. Bank and for Defendant Decker, complete diversity is required to establish jurisdiction under 28 U.S.C. § 1332.

Any claims for "breach of confidentiality" or "breach of contract" would appear to arise under state law rather than federal law. "A breach of contract claim is a state-law claim." *Thomson v. McDonalds*, No. 1:23-cv-725-DRC-SKB, 2024 WL 1240848, at *1 (S.D. Ohio March 22, 2024). As the Court explained in *Thomson*:

> The Court has jurisdiction over state-law claims in only two circumstances: (1) supplemental jurisdiction over a state-law claim when there is a related, federal-question claim in the same case, *see* 28 U.S.C. § 1367; or (2) diversity jurisdiction, *see* 28 U.S.C. § 1332. Neither is present here.

7

*Id*. In the case presented, Plaintiff similarly has failed to establish either the existence of federal question jurisdiction or diversity jurisdiction. Therefore, this case should be dismissed based on a lack of subject matter jurisdiction.

Should any reviewing court disagree with the foregoing analysis, the undersigned alternatively recommends granting U.S. Bank's motion to dismiss for failure to state a claim, dismissing Defendant Decker for failure of service, and dismissing all other Defendants under *Apple v. Glenn* standards.

### B. Alternative Basis for Dismissal

#### 1. Standard of Review Under 12(b)(6)

U.S. Bank has moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. When a court reviews a motion under Rule 12(b)(6), it "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Keys v. Humana, Inc.*, 882. F.3d 579, 588 (6th Cir. 2018). To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Twombly*, 550 U.S. at 555  (internal citation and quotation omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

8

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### 2. The Merits of U.S. Bank's Motion

Plaintiff's sparse and confusing allegations fall woefully short of stating any plausible cause of action against U.S. Bank. For example, Plaintiff's conclusory assertion that U.S. Bank or another Defendant has committed some type of "breach of confidentiality" fails to provide sufficient factual content that would give U.S. Bank sufficient notice of a plausible claim under basic pleading standards. *See*, generally *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff refers to "speaking with someone 4/1/24" who told him "there is nothing can be done because of short notice - of receiving mortgage assistances," (Doc. 1, PageID 3), and argues that the Bank deliberately created "delays by not answering my request." (*Id.*, PageID 3-4). In the "claims for Relief" section, Plaintiff refers to a conversation between himself and a customer service representative pertaining to the balance due on the mortgage loan account, but again, the undersigned can discern no cognizable claim. (*Id.*, PageID 4; *see also id.*, PageID 8). To the extent that Plaintiff's

9

asserted breach of confidentiality claim sounds in contract law, Plaintiff also fails to identify any provision in a contract to which he was privy that would plausibly demonstrate that U.S. Bank or any other Defendant violated such a provision.

### 3. The Lack of Service on Defendant Decker

Plaintiff's claim against Defendant Decker appears to be entirely derivative of his allegations against U.S. Bank. In other words, the complaint equally fails to include sufficient factual allegations against Defendant Attorney Austin Decker to assert any cognizable claim. But dismissal of claims against Defendant Decker is also appropriate based on Plaintiff's failure to timely serve that Defendant under Rule 4(m), Fed. R. Civ. P. The Court previously issued a "show cause" order concerning this same issue, but Plaintiff failed to file any response. (*See* Doc. 18).

### 4. The Lack of Any Plausible Claim Against the Remaining Defendants

Although Defendants Hewitt and Nolan have not formally moved to dismiss under Rule 12(b)(6) it is appropriate for this Court to dismiss any claims against those two Defendants as completely "devoid of merit" and "implausible" under the standards of *Apple v. Glenn*, 185 F.3d 477, based on Plaintiff's failure to set forth sufficient factual allegations to make out any claim. Likewise, although a portion of Plaintiff's complaint suggests that he may have intended to sue the state court magistrate and Court of Common Pleas judge for their adverse rulings in the underlying state foreclosure case, (Doc. 1, PageID 6), such claims would be legally frivolous based on the doctrine of judicial immunity even if Plaintiff had properly identified and served them as defendants (which he has not).

Finally, the obvious dismissal of the underlying state court foreclosure action, with no timely appeal having been filed, strongly suggests that this case is now moot.

### IV. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case should be dismissed in its entirety based on a lack of subject matter jurisdiction;
2. In the alternative, U.S. Bank's motion to dismiss for failure to state a claim (Doc. 15) should be GRANTED, with Plaintiff's claims against U.S. Bank's attorney (Defendant Decker) to be dismissed based on a failure of service, and all claims against Defendants Hewitt and Nolan to be dismissed under *Apple v. Glenn*.

                                                   *s/Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD WALKER, JR.                                         Case No. 1:24-cv-180

    Plaintiff,                                              Hopkins, J.
                                                            Bowman, M.J.
    v.

ATTORNEY TIM NOLAN., et al.,

    Defendants

**NOTICE**

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).