**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD WALKER, JR.  Case No. 1:24-cv-180

    Plaintiff,  Hopkins, J.
  Bowman, M.J.
    v.

ATTORNEY TIM NOLAN., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On April 2, 2024, Plaintiff Donald Walker, Jr., proceeding pro se, paid the requisite filing fee and filed suit against three attorneys and U.S. Bank National Association ("U.S. Bank"). Pursuant to local practice, the case was referred to the undersigned to review an unopposed motion to dismiss filed by Defendant U.S. Bank. On September 30, 2024, the undersigned recommended that this case be dismissed in its entirety based on a lack of subject matter jurisdiction, and in the alternative, for failure to state a claim. (Doc. 19). Plaintiff filed no objections to that Report and Recommendation, which was adopted as the opinion of the Court on November 8, 2024. (Docs. 20, 21).

On January 3, 2025, Plaintiff filed a Notice of Appeal. (Doc. 22). On February 7, 2025, he filed a motion in this Court that seeks to appeal *in forma pauperis*, or without the payment of a filing fee. (Doc. 24). The undersigned now recommends denial of Plaintiff's motion to proceed *in forma pauperis* on appeal.

### II. Analysis

Despite having paid the fee required to file his case in this Court approximately ten months ago, Plaintiff now seeks to proceed on appeal in the Sixth Circuit without paying

1

the requisite fee. The undersigned first recommends denial of Plaintiff's motion on grounds that his application does not provide sufficient information that he has become so impoverished over the past year that he is no longer able to pay the requisite fee. According to his application, Plaintiff is currently "self-employed." (Doc. 24, PageID 98). His application suggests a monthly income of $3,000.00 without explaining whether that income is his current income or - if not – when he last earned that income. (*Id*.) In addition to the potential $3,000.00 monthly current income, he states that he is single with no dependents, and collects $1,170.00 in social security income.[1] (*Id*.) Plaintiff further states that he has "cash on hand or money in a savings, checking, or other account," but fails to disclose the "combined total amount." (*Id*., PageID 99). He also states that he owns three pieces of real estate valued at $35,000 *each*, all of which are currently "for sale." (*Id*.) He lists two creditors – "GEUO" – a creditor he pays $974.00 monthly towards a $33,000.00 debt owed for a "Ford Truck," and an attorney to whom he owes $2,000.00 upon the "completion of probate." (*Id*.)

In short, Plaintiff's application suggests that his income and assets, including undisclosed sums in savings, checking, or other accounts, are likely sufficient to pay the fee required to appeal the adverse judgment against him in this case. Therefore, the undersigned recommends that this Court deny Plaintiff's *in forma pauperis* application without prejudice to his ability to re-file his application in the Sixth Circuit Court of Appeals.

In the alternative, and even if Plaintiff had provided sufficient information for this Court to determine that he is a pauper, the undersigned still would recommend denial of his application in this Court pursuant to 28 U.S.C § 1915(a). "An appeal may not be taken

---

[1] Lacking any information to the contrary, the undersigned assumes that income is earned monthly.

*in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*; *see also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As previously discussed in the R&R adopted as the opinion of this Court, and as to which Plaintiff filed no timely objection, the federal courts lack subject matter jurisdiction over his claims.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. 24) should be **DENIED** based on Plaintiff's failure to show that he is unable to pay the requisite filing fee, or alternatively, because any appeal would not be taken in good faith;

2. Plaintiff remains free to pay the requisite filing fee or to file a new application to appeal *in forma pauperis* in the Court of Appeals.

    _s/Stephanie K. Bowman_
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD WALKER, JR.  Case No. 1:24-cv-180

    Plaintiff,  Hopkins, J.
                                                   Bowman, M.J.
    v.

ATTORNEY TIM NOLAN., et al.,

    Defendants

## NOTICE

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).